# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | No. C 13-80275 WHA (LB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | [Re: ECF No. 2] |
| PENTA HOSPITALITY LLC; TARUN S. PATEL, | |
| Defendants. | |

## INTRODUCTION

In this debt enforcement action, Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed a motion for an assignment order of Defendant Tarun S. Patel's interest, if any, in his right to payment of money due from his business activities involving Pracrea Inc. Motion, ECF No. 2.[1] The district court referred the motion to the undersigned for resolution. Order of Referral, ECF No. 3. Plaintiff asserts that the sum due and owing under the judgment is $112,982.47 as of May 29, 2014. Neither Mr. Patel nor any other defendant, despite being served with the motion by mail, Proof of Service, ECF No. 2 at 42, has filed an opposition to Choice Hotel's motion or communicated with the court in any way. Pursuant to Civil Local Rule 7-1(b) the court finds this matter suitable for determination without oral argument and vacates the June 19, 2014 hearing. Upon consideration of

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 13-80275 WHA (LB)
REPORT AND RECOMMENDATION

the record in this case and the applicable authority, the court recommends that the district court grant Choice Hotel's motion.

## STATEMENT

On July 23, 2012, a district court in the District of Maryland entered default judgment in favor of Choice Hotels and against Penta Hospitality, LLC and Mr. Patel in the amount of $112,208.47, plus post-judgment interest at the prevailing rate until paid, and $350.00 in costs. Judgment, ECF No. 1, Ex. 1. On November 29, 2013, the District of Maryland default judgment was registered in this district. Certification of Judgment Registered, ECF No. 1. Choice Hotels now moves for an assignment order against Mr. Patel. Motion, ECF No. 2. Specifically, Choice Hotels asks the court for an order assigning to it Mr. Patel's interest, if any, in his right to payment of money due from his business activities involving Pracrea Inc., a business located in this District, to the extent necessary to satisfy the default judgment entered in the District of Maryland. *Id.* Mr. Patel was served with Plaintiff's motion, Proof of Service, ECF No. 2 at 42, but he has not opposed the motion or communicated with the court in any way. The district court referred the motion to the undersigned for resolution. Order of Referral, ECF No. 3.

## ANALYSIS

Plaintiff moves for an order assigning to it: "the interest, if any, of Defendant/Judgment Debtor Tarun S. Patel in his rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from his business activities involving Pracrea Inc. [Entity No. C3358553], 1735 North 1st Street, Suite 312, San Jose, California 95112, to the extent necessary to satisfy the judgment entered in this action in full, which as of May 29, 2014, is $112,982.47. Motion, ECF No. 2 at 1-2, 11. The record shows that Mr. Patel is the founder and CFO of Pracrea Inc. Khan Declaration ¶¶ 5-8, ECF No. 2 at 15-17. No opposition to Plaintiff's motion has been filed and "no effort has been made by Tarun S. Patel to consensually satisfy the judgment." Aires Declaration ¶ 5, ECF No. 2 at 12.

California Code of Civil Procedure Section 708.510(a), which applies pursuant to Federal Rule of Civil Procedure 69(a)(1), states in relevant part that "[t]he court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or

not the right is conditioned on future developments, including . . . [w]ages due from the federal government that are not subject to withholding under an earnings withholding order[,] . . . [r]ents[, . . . and c]ommissions . . . ." The 1982 legislative committee comments state that Section 708.510 "provides an optional procedure for reaching assignable forms of property that are subject to levy, such as accounts receivable, general intangibles, judgments, and instruments." Choice Hotels therefore can be assigned Mr. Patel's interest, if any, in his rights to payment of money due or to become due from his business involving Pracrea Inc. to the extent necessary to satisfy the July 23, 2012 judgment entered by the District of Maryland and registered in this District.

In addition, the payment amount is concrete, *see Passport Health Inc. v. Travel Med. Inc.*, 2012 WL 1292473, at *4 (E.D. Cal. Apr. 13, 2012), and the court finds that Choice Hotels has described in sufficient detail the source of the right to payment, *see Icho v. PacketSwitch.com, Inc.*, 2012 WL 4343834, at *1 (N.D. Cal. Sept. 21, 2012).

**CONCLUSION**

For the reasons explained above, the court **RECOMMENDS** that the district court grant Choice Hotel's motion for an assignment order and order that Defendant Tarun S. Patel's interest, if any, in his rights to payment of money due or to become due, whether styled accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, or otherwise, from his business activities involving Pracrea Inc., be assigned to Choice Hotels to the extent necessary to satisfy the default judgment entered the District of Maryland in favor of Choice Hotels and against Penta Hospitality, LLC and Mr. Patel in the amount of $112,208.47, plus post-judgment interest at the prevailing rate until paid, and $350.00 in costs.

Choice Hotel shall serve a copy of this report and recommendation on Defendants within three days from the filing date of this Order and shall file a proof of service with this court. Any party may file objections to this report and recommendation with the district court judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate order.

**IT IS SO ORDERED.**

Dated: June 16, 2014

_____
LAUREL BEELER
United States Magistrate Judge