IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | |
| Plaintiff, | No. 13-mc-80275 WHA |
| v. | |
| PENTA HOSPITALITY LLC; TARUN S. PATEL, | **ORDER TO SHOW CAUSE** |
| Defendant. | |

On October 6, 2014, the date of the deadline to file post-judgment motions, plaintiff moved to extend that deadline by sixty days (Dkt. No. 25). The circumstances necessitating that extension (namely, the scheduling of a debtor examination on October 27) arose nearly one month earlier (*see* Dkt. No. 24). Notwithstanding plaintiff's lack of diligence in seeking the extension, an order on that same day granted in part the request for an extension, setting the deadline for post-judgment motions as October 30 (Dkt. No. 26).

The judgment debtor and a third party failed to appear for the debtor exam on October 27. Plaintiff never filed a post-judgment motion.

On November 3, plaintiff sought a second sixty-day extension (Dkt. No. 32). An order denied the request the same day (Dkt. No. 33). That order set forth the foregoing dates but did not expressly identify plaintiff's persistent lack of diligence as the basis for denying the request. Specifically, plaintiff's first request for an extension arrived at the deadline, though it could have been filed more than three weeks earlier. Its second request came three days *after* the deadline, though it could have been filed six days earlier (and three days before the deadline). Moreover,

plaintiff incorrectly identified the deadline set by the October 6 order as November 3. Accordingly, the case was closed.

Plaintiff appealed. The court of appeals vacated the November 3 order and remanded, noting it could not infer any plausible reason for strictly enforcing the October 30 deadline against an "otherwise diligent judgment creditor" (Dkt. No. 41).

On December 20, 2016, one week after the mandate from the court of appeals arrived, an order set a schedule on remand (Dkt. No. 44). Pursuant to that schedule, plaintiff had until December 29 to renew its motion for an extension of the deadline, supported by sworn statements explaining its lack of diligence in seeking the foregoing extensions and affirmatively setting forth its diligence in securing the appearance of the parties necessary to the debtors examination.

Nearly three months later, plaintiff has not renewed its motion.

By **MARCH 20 AT NOON**, plaintiff Choice Hotels International, Inc., shall **SHOW CAUSE** in writing, with *sworn* evidence, why this case should not remain closed with all requests for an extension of the deadline to file post-judgment motions denied for lack of prosecution.

**IT IS SO ORDERED.**

Dated: March 14, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2